REGAN, Judge.
The plaintiff, Arthur James, filed this suit against the defendants, Scindia Steam Navigation Company, Ltd.,[1] B. W. Farrell and A. J. Perez, Farrell’s foreman, endeavoring to recover the sum of $100,-000.00 representing damages for personal injuries which he asserts were incurred as the result of the negligence of the defendants in failing to properly advise and instruct him in the use of a chemical spray furnished by B. W. Farrell, Inc., of which the defendant, Farrell, was president, to clean the tanks of the vessel designated as the S. S. Jaladhan, which had just unloaded its cargo of vegetable oil in the Port of New Orleans.
The defendants answered and denied the plaintiff’s accusations of negligence, and additionally asserted that the sole and proximate cause of the plaintiff’s injuries resulted from his own fault.
A trial occurred on the merits hereof before a jury, which returned a verdict in favor of the defendants. In due course the trial court adopted the jury’s verdict as its judgment, and from that judgment the plaintiff has prosecuted this appeal.
The record discloses that the plaintiff was employed by B. W. Farrell, Inc., together with approximately seventeen other men in order to clean certain cargo compartments of the S. S. Jaladhan while the ship was docked in the Mississippi River in the Port of New Orleans. In order to clean the residue of vegetable oil remaining in these compartments after it had been unloaded, a caustic cleaning solution, which was unnamed in the record, was pumped through a high pressure hose. The plaintiff, before he was sent into the cargo compartment, was furnished with a face shield, a rubber rain suit and rubber boots. In addition, thereto, he was given petroleum jelly and instructed to smear this substance on any exposed portions of his body, including that portion of his face not covered by the face shield.
He had worked for some time in the cargo compartments of the ship when it was noticed that water containing the caustic chemical had entered his boots. He was then instructed to leave the compartment and remove them. When he did, it was apparent that he had sustained a chemical burn of his legs, which eventually was *303 repaired by skin graft taken from other portions of his body.
The defendants argued what they term is a peremptory exception filed pursuant to Article 927 of the Code of Civil Procedure to the effect that the plaintiff has no cause of action against B. W. Farrell or A. J. Perez individually. They predicate their argument essentially on the hypothesis that plaintiff’s sole remedy is Section 33 of the U. S. Longshoremen’s and Harbor Workers’ Compensation Act.[2] They contend that since the plaintiff was acting as a longshoreman aboard a vessel afloat on navigable waters, this statute applies so that the right afforded by the Louisiana Workmen’s Compensation Statute to sue fellow employees or supervisory personnel cannot be invoked.[3]
It has long been the policy of this court to pretermití deciding a case on the basis of an exception when it is possible to dispose of the suit on its merits. A cursory reading of this record makes it abundantly clear that the ends of justice would be better served by deciding the case upon its merits.
The only real question posed for our consideration is whether the plaintiff incurred burns as the result of his own fault or as a consequence of the negligence of the defendants in failing to properly advise him as to the nature and use of the chemical with which he was working. He insists that he did not know that the chemical was dangerous and he asserts that it entered his boots when a pump in the cargo hold failed, causing the water containing the caustic substance to rise above the top of the boots.
On the other hand, the defendants maintain that the plaintiff knew of the dangerous propensity of the chemical and that the substance entered his boots because he tucked the trousers of his rubber suit therein which permitted the chemical to enter without hindrance. They explained that it was impossible for the water to have risen above the top of the plaintiff’s boots, since the pump was a recirculating one and was not designed to evacuate water from the cargo hold of the ship.
The record discloses no other evidence with respect to the nature of the pump other than the testimony of the litigants themselves. The evidence is also in conflict with respect to whether or not the plaintiff had, in fact, tucked the legs of his rubber suit into his boots, and sustained chemical burns in this fashion. However, there is no contradiction in the record relative to the fact that the plaintiff knew or should have known of the dangerous propensity of the chemical with which he was working. It is undisputed that before he entered the cargo hold he was furnished with a multitude of protective devices. To reiterate, he was given vaseline and instructed to smear it on his face, hands, and any other portion of his body which might be exposed to the fluid. While plaintiff’s counsel vigorously contends that the plaintiff was new to the type of work in which he was engaged and therefore not aware of the dangerous nature of the work, a fair evaluation of the record clearly discloses that the defendant. Perez, warned the plaintiff of the dangerous propensity of the fluid and that he fully understood its nature. Under cross examination the plaintiff made these significant statements:
“Q. Did you wonder why you had to put the vaseline on ?
“A. Yes, I did wonder why and I asked him why.
“Q. What did he tell you ?
“A. I asked him was this chemical in the water harmful to me, he told me no.
*304 Did he tell you why you should put the vaseline on ? ¡d
He said that’s to protect the face and to protect the hands. >
From what? p
For [from] some of the chemicals in the water.” >
From the foregoing testimony, it is evident that the plaintiff was fully aware of the fact that he was handling a harmful substance and that it posed a danger to his physical well-being if he did not properly protect himself from its effects. Despite this knowledge, he permitted water to remain in his boots for several hours and thereby incurred the burns which form the subject matter of this litigation. Under these circumstances we are convinced that the plaintiff’s injury was caused through his own fault and not through the negligence of the defendants; therefore, the jury committed no error in finding for them.
For the foregoing reasons, the judgment appealed from is affirmed. The plaintiff is to pay all costs incurred herein.
Affirmed.

. During the course of the trial hereof, Scindia Steam Navigation Company, Ltd. was dismissed by joint stipulation of all parties on the ground that the plaintiff’s claim against it was res judicata in view of a judgment previously rendered in another suit filed by the plaintiff in the United States District Court for the Eastern District of Louisiana.

. 33 U.S.C. § 933(1).

. The defendants cite Hughes v. Chitty, 415 F.2d 1150 (Fifth Circuit, 1969) ; and Ellis v. Travelers Insurance Company, 241 La. 433, 129 So.2d 729 (1961).